IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Criminal Action No. GLR-13-677 |
| DOMINIC EVANS, | * | |
| Defendant. | * | |

\*\*\*

**MEMORANDUM OPINION**

THIS MATTER is before the Court on self-represented Defendant Dominic Evans'

Motion to Modify Sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1291) and Motion

to Reduce Sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 1371). The Motions are ripe

for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the

reasons outlined below, the Court will deny the Motions.

## I.    BACKGROUND

On October 27, 2015, Evans pleaded guilty to count one of a twenty-one-count

Superseding Indictment for Conspiracy to Participate in a Racketeering Enterprise in

violation of 18 U.S.C. § 1962(d). (ECF No. 611). The stipulated facts giving rise to the

indictment are as follows:

> From at least 1997 to 2013, a group known as "Up the Hill"
> "Up da Hill" and "UDH" (hereinafter referred to as "UDH")
> operated primarily in the part of the Cherry Hill neighborhood
> in Baltimore, Maryland . . .
>
> This group, which . . . [included] DOMINIC EVANS, a/k/a
> Flatline . . . and others, associated together committing acts of

robbery, homicides, non-fatal shootings and drug distribution, to include distribution of various types of controlled dangerous substances, such as crack cocaine, heroin, cocaine and oxycodone. . . .

Dominic EVANS participated in the activities of the Racketeering Enterprise. . . .

On October 5, 2010, EVANS and co-defendant Cornell HARVEY were in the 2700 block of Claflin Court, in Cherry Hill, Baltimore, Maryland. EVANS and HARVEY decided to rob Dujuan Harris and Randol Buncombe, who had been selling marijuana in that vicinity. Neither Harris nor Buncombe were members of UDH. EVANS and HARVEY announced their intent to commit an armed robbery and HARVEY brandished a firearm. After obtaining $150 from Harris, HARVEY began to shoot at Harris and Buncombe. Harris was shot one time and survived his wound. Bucombe was shot at least three times and died from her wounds. The murder is captured on CCTV. A Baltimore City jury acquitted EVANS and HARVEY of this murder.

[On] November 11, 2013, in the 100 block of South Monroe Street, Baltimore, Maryland, EVANS started an altercation with another individual. During the fight, EVANS produced a large 10" kitchen knife and began stabbing and slicing at the victim. EVANS took $50 from the victim. The victim was taken to Shock Trauma with stab wounds to his head, upper back and hands. The knife was recovered at the scene. CCTV captured the assault. Approximately 7 minutes later, EVANS walked into Bon Secours hospital, 4 city blocks away, complaining of a slice wound to the palm of his left hand. EVANS pleaded guilty to this first degree assault in Baltimore City Circuit Court Case 113340038 and was sentenced to 12 years.

Throughout the course of EVANS' involvement in the UDH drug conspiracy, it was reasonably foreseeable to EVANS that the conspiracy involved at least 840 grams but less than 2.8 kilograms of cocaine base and at least 3 kilogram but less than 10 kilograms of heroin[.]

(Plea Agreement at 8–11, ECF No. 612).[1] Evans' Rule 11(c)(1)(C) plea provided a stipulated sentencing range of 262 months to 365 months. (Id. at 5). On February 12, 2016, this Court sentenced Evans to 360 months' imprisonment with credit for time served beginning November 12, 2013, and five (5) years of supervised release. (J. at 1–3, ECF No. 674).

Evans has since filed a series of post-conviction motions, including an initial Motion for Compassionate Release on November 17, 2020 (ECF No. 1213), which this Court denied on February 8, 2021 (ECF No. 1230). On December 5, 2022, Evans filed the instant Motion requesting a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) and Section 603(B) of the First Step Act (ECF No. 1291), and supplemented the request on February 21, 2025, requesting a two-point reduction of his "status points" under Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") (ECF No. 1371). The Government filed a consolidated Response opposing the Motions on December 30, 2025. (Gov't's Resp. Opp'n Def.'s Mot. ["Opp'n"] at 7, ECF No. 1408).

## II.   DISCUSSION

Evans seeks a sentence reduction under § 3582 and a two-point reduction of his status points under Amendment 821. (Def.'s Mot. Modify Sentence. ["Mot. Compassionate Release"], ECF No. 1291; Def.'s Suppl. Mot. Reduce Sent. ["Suppl."] at 4, ECF No. 1371). The Court will address each Motion in turn.

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

**A.      Motion to Reduce Sentence under § 3582**

**1.      <u>Standard of Review</u>**

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed," unless specified exceptions apply. <u>United States v. High</u>, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), however, also known as the compassionate release provision, a court may modify a term of imprisonment. <u>See</u> <u>United States v. Maycock</u>, No. GLR-14-0133, 2020 WL 2395620, at *1 (D.Md. May 12, 2020). The First Step Act of 2018 amended and further expanded the compassionate release provision, allowing federal inmates to file motions for sentence reductions without having to rely on the Bureau of Prisons ("BOP") to initiate any motion for compassionate release. <u>See</u> <u>United States v. Gregory</u>, 538 F.Supp.3d 562, 565–66 (D.Md. 2021).

Before moving for compassionate release, the defendant must either exhaust all administrative remedies or wait thirty days "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582 (c)(1)(A). The Court must then determine if the defendant demonstrated "extraordinary and compelling reasons" supporting relief to be eligible for a sentence reduction. <u>United States v. Bethea</u>, 54 F.4th 826, 831 (4th Cir. 2022). Lastly, the Court must "find that release is appropriate under 18 U.S.C. § 3553(a) sentencing factors, to the extent those factors are applicable," <u>id.</u>, as well as whether reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c)(1)(A); <u>Gregory</u>, 538 F.Supp.3d at 566. The Court has discretion to grant or deny a motion for compassionate release based on

4

circumstances involving "illness, declining health, age, exceptional family circumstances, as well as 'other reasons.'" <u>United States v. Williams</u>, No . ELH-19-0286, 2023 WL 4490325, at *7 (D.Md. July 11, 2023) (citing U.S.S.G. § 1B1.13). The other factors include whether the defendant is a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g).

**2.     Analysis**

  **a.     Administrative Exhaustion**

The Government argues that Evans is not eligible for compassionate release because there is no official BOP record showing he properly exhausted the required administrative remedies. (Opp'n at 7). As the Government notes, however, Evans attached to the instant Motion—filed December 5, 2022—an email dated October 15, 2022, that he sent to the Federal Correctional Institution, Petersburg ("FCI Petersburg") Warden requesting compassionate release. (Oct. 15, 2022 Letter at 1, ECF No. 1291-1). Despite the Government's opposition, the Court is inclined to liberally construe self-represented Evans' email as a proper administrative request. <u>See</u> <u>United States v. Foreman</u>, No. JKB-11-0398, 2025 WL 2402612, at *4 (D.Md. Aug. 19, 2025) (assuming self-represented defendant exhausted administrative remedies for purpose of deciding motion for compassionate release despite lack of evidence on that point). Because more than thirty days have passed since the submission of Evans' compassionate release request, and there is no record to indicate that Evans received a response during that time, the instant Motion is properly before the Court for a determination on the merits.

### b.    Extraordinary and Compelling Reasons

As this Court has previously explained, 18 U.S.C. § 3582, as amended, grants courts with independent discretion to decide what circumstances present "extraordinary and compelling reasons" to modify a sentence. See Wise v. United States, No. ELH-18-72, 2020 WL 2614816, at *5–7 (D.Md. May 22, 2020). While not binding, the U.S.S.G., § 1B1.13, aids the Court's analysis by providing examples of what constitutes "extraordinary and compelling reasons," including: medical circumstances of the defendant; the defendant's advanced age; familial circumstances; whether the defendant is the victim of abuse while in custody; unusually long sentences; and a catch-all "other reasons." U.S.S.G. §§ 1B1.13(b)(1)–(6).

Here, Evans moves for compassionate release based on (1) the conditions at Federal Correctional Institution, Hazelton ("FCI Hazelton") and (2) reconsideration of Evans' personal circumstances, which the Court previously considered at the original sentencing. (Mot. Compassionate Release at 2–5). Additionally, in his supplemental Motion, Evans contends that (3) his youthfulness at the time of the offense, and (4) his rehabilitative efforts while in custody, present the necessary extraordinary and compelling reasons for a reduction of his sentence. (Suppl. at 4). The Court will address each argument in turn.

As an initial matter, this Court finds Evans' first argument for compassionate release based on the conditions at FCI-Hazelton moot because Evans is now being held at Federal Correctional Institution, Berlin, NH ("FCI Berlin") as evidenced by correspondence from Evans that indicates a return address as FCI Berlin. (See Feb. 21, 2025 Envelope at 1, ECF No. 1371-3; Nov. 4, 2025 Letter at 1, ECF No. 1396).

Next, Evans fails to establish any "extraordinary and compelling" reasons for compassionate release. As the Government correctly notes, Evans' personal circumstances, including his troubled childhood and youthfulness, which he now contends are extraordinary and compelling, were included in his Presentence Investigation Report and considered by this Court at his sentencing. (Opp'n at 8–9; Presentence Investigation Report at 14–18, ECF No. 627). According to Evans, "every incident that [he] was involved in occurred when he was a 'youthful' individual' . . . "between 17–19 years of age." (Suppl. at 4). This is incorrect. The two incidents detailed in the stipulated facts of Evans' Plea Agreement took place when Evans was, respectively, twenty and twenty-four years old. (Plea Agreement at 10–11). As such, Evans' troubled childhood, personal difficulties in his upbringing, and youthfulness were considered by the Court at his sentencing and are not such "extraordinary and compelling reasons" that warrant a reduction in his sentence.

Finally, Evans contends that his rehabilitative efforts support his release. (Suppl. at 4; Nov. 26, 2024 GED Certificate at 1, ECF No. 1371-1). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). It may, however, "be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). The Court agrees with the Government that although Evans' efforts to improve himself are laudable, (Opp'n at 9 n.3), even praiseworthy rehabilitative efforts, alone, do not establish an "extraordinary and compelling" basis for a sentence reduction. See, e.g., United States v. Henry, No. SAG-05-0147, 2022 WL 2905057, at *5 (D.Md. July 22, 2022) (acknowledging defendant's rehabilitative

programming and encouraging future efforts yet denying compassionate release). Here, because none of the other factors favorably weigh towards an "extraordinary and compelling" reason, Evans' rehabilitative efforts, while commendable, cannot stand on their own to warrant compassionate release.

### c.   § 3553(a) Factors

Had Evans provided "extraordinary and compelling reasons" supporting relief, a reduction in his sentence would nonetheless be unsupported by the § 3553 factors. As the Government correctly notes, Evans' involvement in a violent criminal enterprise was quite serious, and his current sentence properly accounts for the seriousness of his crimes, promotes respect for the law, and provides just punishment. (Opp'n at 11). Because Evans has not demonstrated an "extraordinary and compelling" reason for this Court to grant compassionate release, and the § 3553 factors do not support his early release, the Court will deny his Motion.

### B.   Motion to Reduce Sentence under Amendment 821

### 1.   Standard of Review

Evans also moves for a reduction of his sentence under Amendment 821, alleging he qualifies for the "status points" reduction under U.S.S.G § 4A1.1. (Suppl. at 2). Amendment 821 is a two-part amendment. Before November 2023, the Sentencing Guidelines assessed two criminal history "status points" for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2022). Part A of Amendment 821 retroactively alters the application of the Sentencing Guidelines § 4A1.1

such that "a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points." United States v. Diaz, No. JKB-16-0259, 2025 WL 327314, at *1 (D.Md. Jan. 28, 2025). Part B is retroactively applicable to those defendants who were assessed zero criminal history points at the time of sentencing and who have none of the specified aggravating factors. United States v. Chen, No. DKC 21-146-4, 2025 WL 402066 at *1 (D.Md. Feb. 4, 2025).

2.      **Analysis**

At sentencing, Evans was assessed one criminal history point due to his prior convictions and two additional "status points" because he was under a criminal justice sentence at the time of the instant offense. (Presentence Investigation Report ¶¶ 30, 34). Under Amendment 821, Evans would no longer receive the two additional "status points," changing his Criminal History Category from II to I. The Court, however, agrees with the Government's argument that because Evans was subject to a total offense level of forty, the status point adjustment would ultimately result in a "worse guideline range than his original plea." (Opp'n at 8). Evans' Plea Agreement provided a stipulated sentencing range of 262 months to 365 months. (Plea Agreement at 5). Under Amendment 821, Evans' offense level of forty, along with the new Criminal History Category I, would result in a higher adjusted guideline range of 292 months to 365 months. A defendant is not eligible for sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, Evans is not eligible for a reduced sentence under Part A of Amendment 821.

Evans is also ineligible for relief under Part B because even without the "status points," he was assessed one criminal history point at sentencing, (Presentence Investigation Report ¶ 33), and Part B only applies to "zero-point offenders." See U.S.S.G. § 4C1.1(a)(1) (requiring that "the defendant did not receive any criminal history points from Chapter Four, Part A"); Chen, 2025 WL 402066 at *1. Because Evans was assessed a criminal history point for his prior conviction, he is ineligible for a two-point sentence reduction under Part B of Amendment 821, and the Court will deny his Motion.

### III.    CONCLUSION

For the foregoing reasons, the Court will deny Evans' Motion for Modification of Sentence (ECF No. 1291), and Motion for Reduction of Sentence (ECF No. 1371). A separate Order follows.

Entered this 31st day of March, 2026.


_____/s/_____

George L. Russell, III
Chief United States District Judge
